Good morning again, Your Honors. Welcome back. I'm Michael Kuhl, appearing for appellant, and I'd like to take a minute to rebut if that's necessary. Your Honor, before I start, the opposition is, in their opposition brief, they're trying to paint my client as a serial litigator who doesn't have enough money to pay a modified loan payment. And I just wanted to just, for the record, say that there's another side to this story, that my client's just a simple homeowner who got hit very hard during the recession, like a lot of people did. Now she's back on her feet making money, and all she wants to do is get a loan modification. And she sees her neighbors getting loan modifications. She sees people getting sometimes two or three loan modifications. And she's never been offered a loan modification. So I just want to point that out briefly. Okay. Now, again, if you boil this case down to a simple, basic question, you just have to ask, can res judicata preclude an action where the events giving rise to that action happened after the filing of the first action? Call me crazy, but it seems to me the logical answer is just flat out no. There are various ways to get to no. One of them might start out by trying to figure out whether the res judicata rule is the federal rule or whether it's the state rule as you define the scope of the claim. The district court relied on the federal rule for defining the scope of the claim. Without mentioning the Supreme Court's case in Semtec, it seems to me that Semtec tells us in a diversity case that we look to the scope of the claim for the scope of the claim to state law, state law being primary right. Would you help me out on that as to whether or not we look to federal or state law? I was going to get to that. But, yes, I think you have to look to state law, and it's very clear. The Semtec case is the main case on point. There's another one, Constantini v. Trans World Airlines. There's a lot of cases that say it's the state. But I don't think it matters really because of the facts of the case. It's just logic. But I guess we're going to find out if I'm crazy or not. Well, I don't speak for the panel, but I must say, and opposing counsel better be listening up, it seems to me that we look to the primary right doctrine under California law for determining scope of the claim for the use of the lucid version of res judicata. And almost aside from timing, these seem to be quite different claims. They don't seem to me to come within the primary right litigated the first time around. Well, I couldn't agree more, obviously. But, in fact, the defendants haven't defended it in this court, are not even trying to defend the res judicata claim.  Let's move on. Okay. Let's start with 2923.55. I think the law says that compliance with that is a question of fact. That was the Scove case, I believe. And declaration on a notice of default is not proof when the contents of that declaration are under dispute. And in this case, it was properly stated in the complaint that she was available. I think that's what we're looking at here. Again, this is very early in the proceedings, and I think that it was properly stated. She was available, and they didn't try to contact her. Is there some reason why we should decide these issues on the merits, given that the district judge dismissed unres judicata, and that was the end of it as far as he was concerned? He didn't reach any of these? Well, just because it's a trial de novo, and I think we need – well, I personally agree with you. If it has to be remanded back, then we have to let the district court decide. But to be prepared – We usually review what the district court does, and the district court didn't reach any of these issues. No, they didn't. But I'm ready to argue it if you want me to. If not, I'll be done. I mean, there's, I think, four different causes of accident. I think we pled them all properly. I can argue that for your enlightenment if you want, or I can sit down and – Why don't we hear from the other side, and then you'll have a long time to rebut. Okay, thank you. Morning again, Your Honors. Brian Lefer on behalf of U.S. Bank and Sun Trust. Are we correct in reading you as having conceded the res judicata question? That's correct, Your Honor. Did you argue res judicata in the district court? We did, Your Honor. But now you confess that you were wrong, and so are you. No, we do confess that the analysis of res judicata at the district court level is inaccurate. And that you argued incorrectly? That is correct. And that you should have gone back to first-year civil proceedings? We did not feel that the res judicata argument was a strong argument upon further analysis, Your Honor. You were surprised when the district court bought it, huh? Knowing that, you should take your first-year civil procedure from Judge Fletcher. I teach the first-year civil procedure, just in case this was a mystery to you. Okay, thank you, Your Honor. I would like to reserve maybe about five or six minutes for my colleague, Robert Yap, to address some of the issues on the merits. I just want to briefly issue or discuss the issue of mootness. We did file a motion for judicial notice. I don't understand mootness at all in the following sense. Mootness, I mean, maybe it's something, but whatever it is, it isn't mootness. Because he's still asking for something in these cases, and he still hasn't gotten it, right? Whatever he's asking for. Well, I would argue that she has gotten something, and that's delay, Your Honor. No, but that's not the point. In terms of Gus Jackson 3 provided no relief. In a sense, it did provide relief because she was able to have a notice of sale rescinded, and the lawsuit was dismissed with prejudice based on that fact. But whatever else she's looking for in terms of damages or payments or anything else she hasn't gotten. There's still things she's looking for in this case that she hasn't gotten. There are some other things. All right. So it's not moot in the sense that she couldn't get any relief. I mean, you're arguing something more like race judicata again. I mean, a different race judicata. But it's not mootness. That's interesting, Your Honor. I agree that it might not be mootness. It might have to do with jurisdiction potential. And the other problem is that whatever happened happened six months ago in that case. Is that right? Some months ago. You decided to tell us about it about two days ago. Well, Your Honor, the settlement agreement, I believe, occurred in late fall. The court retained jurisdiction until September, Your Honor. I was not counsel in that case in Gustafson 3. Well, whatever. The point is that you didn't say a word about it until two days ago. Well, that is correct, Your Honor. And a huge reason for that had to do with the fact that we were still trying to obtain information from the counsel that was in Gustafson 3. We were handling Gustafson 1 and 2. We were finally able to get some of that information. Some of this other information is newer to me based on some of these e-mails that I hadn't seen before that were attached to the opposition to the motion of judicial notice. But we would like to point out that the issues in Gustafson 3 were having to do with California's Homeowner's Bill of Rights, and that action was finally dismissed with prejudice, which does call into question some issues relating to the arguments in Gustafson 2. But it's another race-to-tacata argument. That's what it has to be, in which case we have to know exactly what was going on in that case. It hasn't been briefed. You raised it way too late. You didn't raise it in your defense here. When were the briefs filed in this case? Well, the briefs were filed, I believe, in early — late 2013 or early 2014, Your Honor. So this just — it happened after that, but you could have made a motion a year ago or something. We did, Your Honor, a year ago when we were filing our briefs, we did note that Gustafson 3 was an active case. We did cite it in our briefs. In the record, we do note that the docket reflects the relation of cases to Gustafson 3 at the lower court level, so it is mentioned in the docket on the record. In any event, you still haven't argued the right thing. You still aren't raising an argument that makes any sense because you're arguing mootness and it isn't moot. So — We would argue a collateral estoppel or a race-to-tacata argument. That's all arguments for the district court. Those issues should be taken to the district court, not here with us. What we would say, Your Honor, is that there would be some sort of issue with respect to either jurisdiction or confusion in the sense that we have a dismissal with prejudice as to certain claims, and if there were some sort of remand back to the district court, it would create some sort of procedural headache in the sense that we have a dismissal with prejudice under Gustafson 3 on issues raised in Gustafson 2. That's incredible. Well, Your Honor, with that, I'm going to turn this over to my colleague to argue the merits of the arguments that we have in our motion this morning. Okay. May it please the court, Your Honor, my name is Robert Yap, and I'm here on behalf of SunTrust, the defendants at Belize, SunTrust Mortgage Inc. and U.S. Bank National Association. As we noted in our brief, this court has held that it can affirm the district court's ruling based on any grounds that's supported by the record. Sure. Therefore, although Judge Gutierrez only ruled as to the race-to-tacata grounds, our motion to dismiss raised several of the points why the complaint fails, and that's what our brief is based on. I guess the first question is, yes, we can affirm it on any ground, but why should we? When he just made a mistake, he didn't rule on it. They're complicated issues. He didn't rule on them. Why should we be doing this? Well, the court could have ruled on it, and the review here is de novo. I understand all that, but it's also discretionary whether we do it, right? Yes, it is discretionary, Your Honor. I will note that the court's ruling in Ecological Rights Foundation stated that this rule is based on efficiency reasons, and if this court can find that it's adequately supported by the record, it makes no sense for the court just to send to remand this back to court  That makes a lot of sense when there's one issue and it's fairly apparent. So we have, what, four or five issues? Yes, Your Honor. And now we've got claims of mutinous and race-to-tacata and new race-to-tacata. You guys just made it more complicated. Well, the third, I would submit, Your Honor, that the plaintiff's filing of the third complaint is what created those issues. Well, am I mistaken that you've given us a filing asking for judicial notice claiming mutinous two days ago? No, Your Honor. You're not correct, Your Honor. I'm sorry, you are correct, Your Honor. I am correct. And that adds a little complication to the case? Yes, it does, Your Honor. Okay. Well, all the more reason why I think we ought to send it back to the district court to have a look at the whole thing. Well, I would submit, Your Honor, that, again, for judicial efficiency considerations, which is what the court's exact words here, it doesn't need to. Why don't you tell us, at least for my part, what you think your strongest argument is on the merits of the various issues? Your Honor, we requested by incorporation several loss mitigation documents that are referenced and relied upon in the complaint. These loss mitigation documents show that Ms. Gustafson and Centrist were in communications regarding a loan modification from 2005 to 2012. But that's another problem, that you're looking at stuff outside the record now. I'm sorry? You're looking at material outside the motion to dismiss now, outside the complaint, I'm sorry. Right. There's, I think, four cases that we cited in there where the court can go beyond what's judicially noticeable through the incorporation by reference doctrine. And in this case, her complaint, paragraph 29 of the First Amendment complaint, specifically says that it makes allegations of what kind of contact occurred between Centrist and Ms. Gustafson before the notice of default recorded. I think that then it references those communications. On paragraph 39 to 41, Ms. Gustafson makes allegations about what type of loan modification review took place. Again, that references the denial letters, the incomplete notices that we requested be incorporated by reference. In paragraph 46 and 47 of the First Amendment complaint, she references communications regarding single point of contact. Again, there's a letter that we requested to be incorporated by reference, which establishes that Centrist did designate a single point of contact, and all the denial letters are executed by the same person. Doesn't incorporation by reference doctrine usually apply when she says, you know, there was a deed of trust? And so you can attach the deed of trust. But yours seems to me to be expanding this substantially because you're pulling in evidence, you know, that you say meets her representations, but it's not specifically referenced documents that are simply described with any detail, and you're simply providing the actual document. You're simply refuting what she said with evidence. I'm sorry, Your Honor? You're simply refuting what she said by bringing in evidence, summary judgment stuff. You're not actually attaching specific documents to which she referred. I mean, for example, she said there was no ‑‑ there's some requirement that there be a point of contact appointed, right? She said there wasn't one. That doesn't reference a document because she says there wasn't one. You then come in with a document that seems to show there was one, so that's a good summary judgment point. But that's not incorporated by reference a document that she referred to. She said there wasn't one. Your Honor, if you're looking at it from like a narrow issue that it's referencing that the allegation is there wasn't one versus it's referencing what type of communications could have occurred regarding a single point of contact. And that's how I believe it is. But what did she say? She said there wasn't one. She says she requested one and she didn't receive one is, I believe, her exact allegation. So she's not referencing any document. She's saying there wasn't one. If I could just say to her. The more you talk, the more I'm convinced I don't want to have anything to do with it at this stage of the case. I just want to say, though, Your Honor, I felt in the ‑‑ based on the previous cases, but in the Knievel v. ESPN case, it talks about I think the words the court used were extended the incorporation by reference doctrine to situation which the claims depend on contents of a document. And the defendant attaches the documents to its motion to dismiss and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document. And I think this comes into play on that. Actually, it doesn't. I would like to point out that. It doesn't at all. You're describing something quite different from what happened. But if you want to persuade the district judge so we can reverse him, you go right on ahead. Well, Your Honor, I have to say that's a tease. I'm not anticipating an erroneous ruling by the district court and I'm not anticipating a reversal by us. Duly noted, Your Honor. I just want to say these letters were never ‑‑ the authenticity of these letters were never disputed at any point, not in the opposition. But their existence was never alleged either. No, Your Honor, but I believe the ‑‑ I think at Branch or Perino, the court stated that this doctrine is to prevent plaintiffs from disingenuously ignoring documents in existence. And I would just submit that that's what that point is. And you're a little bit over time. So I think we get the drift. And I have to say that you may or may not be right on the merits, but I don't want to get there at this time. I'm not yet speaking for my colleagues because we haven't conferred on this point. Okay. Thank you. Thank you, Your Honor. Mr. Poole? I'll be very brief, Your Honors, because you've made good case for me just now. So all of this ‑‑ what they're trying to do is turn this into an evidentiary hearing. And you just can't do that. But I just want to point out that all of this evidence they brought in has to do with an old notice of default. There was a new one filed after that. And my client has had a change of income since then. I know it doesn't really matter, but I just want to point for the record that the statute allows for a loan mod review if there's a change of income. And they, up until real recently, have not done that. Well, maybe the bank would want to consider loan modification and paying for that rather than continue to pay for litigation. I agree 1,000 percent. Thank you, Your Honor. Thank you. Gustafson 2, which is, more formally speaking, Gustafson v. U.S. Bank, now submitted for decision.
judges: Fletcher, Paez, Berzon